IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBOCAST, INC., | Civil Action No. 1:22-cv-00305-RGA |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| NETFLIX, INC., | |
| Defendant. | |

## PLAINTIFF ROBOCAST, INC.'S RESPONSE TO DEFENDANT NETFLIX, INC.'S MOTION TO STAY

*Of Counsel*

CANTOR COLBURN LLP

Marc N. Henschke (*pro hac vice*)
Steven M. Coyle (*pro hac vice*)
Andrew C. Ryan (*pro hac vice*)
Nicholas A. Geiger (*pro hac vice*)
Katherine M. Tassmer (*pro hac vice*)
Sara T. Colburn (*pro hac vice*)
20 Church Street
22nd Floor
Hartford, CT 06103
Tel: (860) 286-2929
Fax: (860) 286-0115
mhenschke@cantorcolburn.com
scoyle@cantorcolburn.com
aryan@cantorcolburn.com
ngeiger@cantorcolburn.com
ktassmer@cantorcolburn.com
scolburn@cantorcolburn.com

BAYARD, P.A.

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff*
*Robocast, Inc.*

MCKOOL SMITH, P.C.

Steven Rizzi (*pro hac vice*)
Casey L. Shoemaker (*pro hac vice*)
Ramy E. Hanna (DE Bar Id #: 5494)
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001-8603
Tel: (212) 402-9400
srizzi@McKoolSmith.com
rhanna@McKoolSmith.com
cshomaker@mckoolsmith.com


Dated: January 18, 2023

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................... 1

II.     NATURE AND STAGE OF PROCEEDINGS .................................................. 3

        A.      The District Court Proceedings Have Been Pending For Nearly a Year ................. 3

        B.      The PTAB Proceedings Have Not Yet Been Instituted and Challenge Only a Small
                Fraction of the Claims at Issue ............................................................................. 3

        C.      Netflix Ignored Robocast's Reasonable Offer of a Post-Institution Stay ................. 4

III.    LEGAL STANDARD ............................................................................................ 5

IV.     ARGUMENT ......................................................................................................... 5

        A.      Pre-Institution Stays are Disfavored in This Court .................................................. 5

                1.      Whether Robocast is a Practicing Entity is Immaterial. .................................. 6

        A.      A Stay is Not Warranted Because It is Based on Pure Speculation .......................... 7

                1.      Factor One: A Stay Will Not Simplify Issues for Trial Where No IPRs Have
                        Instituted ................................................................................................... 8

                2.      Factor Two: The Stage of this Case Does Not Favor a Stay When Institution
                        Decisions Will Soon Be Issued .................................................................. 10

                3.      Factor Three: Robocast Will Be Unduly Prejudiced By a Stay Absent
                        Meaningful Estoppel and In Light of Netflix's Delay .................................. 10

V.      CONCLUSION .................................................................................................... 12

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
    No. CV 15-516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016) ............................5, 6, 8

*Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*,
    Case No. 1-15-cv-00915-RGA, D.I. 105 (D. Del. Dec. 1, 2016) .........................................5, 7

*Canvs Corp. v. United States*,
    118 Fed. Cl. 587 (Fed. Cl. 2014) .............................................................................................5

*Clinton v. Jones*,
    520 U.S. 681 (1997)..................................................................................................................5

*Copy Prot. LLC v. Netflix, Inc.*,
    No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) .............................................6, 8

*Invensas Corp. v. Samsung Elecs. Co.*,
    No. 17-1363-MN-SRF, 2018 WL 4762957 (D. Del. Oct. 2, 2018)......................................6, 8

*McRo, Inc. v. Bethesda Softworks LLC*,
    No. 12-1509-LPS-CJB, 2014 WL 1711028 (D. Del. May 1, 2014) ........................................6

*Pragmatus Mobile, LLC v. Amazon.com, Inc.*,
    No. 14-436-LPS, 2015 WL 3799433 (D. Del. June 17, 2015) ................................................6

*RideShare Displays, Inc. v. Lyft, Inc.*,
    No. CV 20-1629-RGA-JLH, 2021 WL 7286931 (D. Del. Dec. 17, 2021).................10, 11, 12

*Robocast Inc. v. Apple Inc.*,
    No. 1-11-cv-00235 (D. Del.)....................................................................................................1

*Robocast Inc. v. Microsoft Corp.*,
    No. 1-10-cv-01055 (D. Del.)....................................................................................................1

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*,
    193 F. Supp. 3d 345 (D. Del. 2016).....................................................................................5, 6

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
    No. 12-646-RGA-MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013)......................................6

*Universal Secure Registry, LLC v. Apple Inc.*,
    No. 17-585-CFC-SRF, 2018 WL 4502062 (D. Del. Sept. 19, 2018) ....................................6, 8

**STATUTES**

35 U.S.C. § 315(e)(2)................................................................................................2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)................................................................................................3

## I.      INTRODUCTION

Netflix's Motion to Stay (D.I. 28 or "Motion") pending the completion of IPR proceedings is premature under this Court's well established precedent, because not one IPR has yet been instituted on any of the three Asserted Patents.[1]  An institution decision for the first IPR, filed by third-party Unified Patents ("Unified"), is due January 26, 2023, and decisions for the two IPRs filed by Netflix are due May 23 and June 23, 2023.

In response to Netflix's threatened motion, Robocast nonetheless informed Netflix that it would agree to stay the case if and when at least one IPR was instituted, provided Netflix agreed to reasonable conditions that would ensure the stay would simplify issues for trial and not be used to strategically advantage Netflix.  Specifically, Robocast asked Netflix to agree: i) not to file any additional IPRs; and ii) to be estopped as if it were the petitioner for the Unified IPR, consistent with the two IPRs for which Netflix is the petitioner.  Rather than seriously consider Robocast's compromise offer, and reach an agreement to avoid motion practice, Netflix instead filed its Motion just hours later, seeking an unconditional stay that, in addition to being premature, will not ensure simplification of issues and is prejudicial to Robocast.  Netflix's Motion does not even acknowledge Robocast's offer, and should be denied.

*First*, the potential to simplify issues through a stay remains highly speculative. In addition to the fact that no IPRs have been instituted, neither Unified nor Netflix proposed claim constructions in their IPR petitions, and instead purport to apply the constructions ordered by this Court in the prior litigations against Microsoft and Apple.[2]  There is thus no reason to believe that the IPRs will inform this Court's claim construction.  Moreover, the petitions challenge only a

---

[1] U.S. Patent Nos. 7,155,451 (the "'451 patent"), 8,606,819 (the "'819 patent"), and 8,965,932 (the "'932 patent").
[2] *Robocast Inc. v. Microsoft Corp.*, No. 1-10-cv-01055 (D. Del.); *Robocast Inc. v. Apple Inc.*, No. 1-11-cv-00235 (D. Del.)

small fraction of the claims at issue in the case, and thus will at best have a very limited impact on the litigation.

*Second*, the requested stay will unduly prejudice Robocast because Netflix refused to agree to any estoppel with respect to the Unified IPR petition on the '932 patent, which is particularly problematic because Netflix relies on one of the same primary references asserted in the Unified petition in Netflix's own petition on the '451 patent.  Thus, not only does Netflix seek to preserve all invalidity positions in this Court with respect to the '932 patent, but given the substantial overlap between Netflix's petition on the '451 patent and Unified's '932 patent petition, Netflix could seek to circumvent its statutory estoppel under 35 U.S.C. § 315(e)(2) even for the '451 petition through backdoor arguments on the '932 patent, thus effectively giving it a second bite at the apple in this Court on the very same art.

Furthermore, a stay will unduly prejudice Robocast due to the extensive delay that is inevitable.  This case was filed in early March 2022, but Netflix did not file its petitions until October 24 and November 18, 2022, respectively.  And although the case is still in its early stages, the pleadings are closed, and a scheduling conference is set for January 23, 2023, with initial discovery commencing shortly thereafter. Such initial discovery presents no hardship to Netflix, and will most likely be necessary regardless, as the IPRs will not fully resolve the case given that they challenge only a small fraction of the claims at issue.  In contrast, staying the case now will ensure that Robocast faces years of delay in asserting its patent rights, particularly given that Netflix seeks to stay this case until ***all*** of its IPRs are concluded, which presumably includes appeals.

The Court should thus deny Netflix's Motion without prejudice, and revisit the propriety of a stay after institution decisions on the three IPRs.  With regard to the PTAB's upcoming

decision on institution with respect to the Unified IPR, due January 26, 2023, if institution is denied no stay is appropriate at this time.  If institution is granted, the parties and the Court can then revisit appropriate conditions for a stay, including Netflix's agreement to be bound by the Unified IPR pursuant to 35 U.S.C. § 315(e)(2) as if it were the petitioner.

## II.   NATURE AND STAGE OF PROCEEDINGS

### A.   The District Court Proceedings Have Been Pending For Nearly a Year

On March 7, 2022, Robocast filed suit in the District of Delaware, alleging that Netflix infringed the three Asserted Patents. *See* D.I. 1. Netflix moved to dismiss Robocast's Complaint under Fed. R. Civ. P. 12(b)(6), arguing that all of Robocast's claims should be dismissed. D.I. 11-12. The Court dismissed without prejudice Robocast's vicarious liability, indirect infringement, and willfulness claims, and denied the motion on all other grounds. D.I. 20.

Robocast is also involved in litigation against YouTube, LLC ("YouTube") in this District. Case No. 1:22-cv-00304-RGA. This Court previously denied YouTube's motion to transfer. *See id.* D.I. 40. YouTube has not sought a stay of Robocast's claims regarding the Asserted Patents.

### B.   The PTAB Proceedings Have Not Yet Been Instituted and Challenge Only a Small Fraction of the Claims at Issue

On June 30, 2022, Unified, which is not a party to this case, petitioned for IPR of the '932 patent. The '932 patent IPR has not yet instituted, and an institution decision is expected on or before January 26, 2023.

On October 24, 2022 – over seven months after Robocast filed suit – Netflix filed its first petition for IPR of four claims of the '451 patent. An institution decision in the '451 patent IPR is not expected until May 23, 2023.

On November 18, 2022 – over eight months after Robocast filed suit – Netflix filed a petition for IPR of 12 claims of the '819 patent. An institution decision in the '819 patent IPR is not expected until June 2023.

| Patent | IPR | Claims Petitioned | Petition Filing Date | Last Day for Institution Date | If Instituted, Last Day for Final Written Decision |
|--------|-----|-------------------|---------------------|-------------------------------|---------------------------------------------------|
| '932 | 2022-01125 | 1-9, 13-15, 17-18, 20, 22-27, 33-43 | June 30, 2022 | January 26, 2023 | January 26, 2024 |
| '451 | 2023-00081 | 1-2, 37-38 | October 24, 2022 | May 23, 2023 | May 23, 2024 |
| '819 | 2023-00182 | 1-2, 7-9, 11-12, 15, 26-28 | November 18, 2022 | June 23, 2023 | June 24, 2024 |

The IPRs challenge only a small fraction of the claims at issue. Robocast's complaint places as potentially at issue every method claim from all three Asserted Patents, with only one small set of apparatus claims in the '451 patent (claims 55-64) being outside the scope of this case. *See* D.I. 1. The '451 patent includes 54 method claims, only 4 of which are challenged in the pending IPR; the '819 patent includes 30 methods claims, only 11 of which are challenged in the pending IPR; and the '932 patent includes 67 method claims, only 30 of which are challenged in the pending IPR. There are thus more than 100 method claims that are not challenged in the IPRs and subject to assertion in this case.

### C.    Netflix Ignored Robocast's Reasonable Offer of a Post-Institution Stay

On December 21, 2022, the parties participated in a meet and confer regarding Netflix's stay request. During the meet and confer, Robocast offered as a compromise a stay upon institution of at least one IPR if Netflix agreed to accept petitioner estoppel on the '932 patent IPR and waived its rights to file any additional IPRs of Robocast's patents. Netflix did not respond to this offer, and instead filed its premature motion just hours later without even mentioning Robocast's position.

## III.    LEGAL STANDARD

"This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016).

As the moving party, Defendants bear the burden of establishing that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Such a showing "must be based on more than the mere fact that a petition for inter partes review was filed." *Canvs Corp. v. United States*, 118 Fed. Cl. 587, 591-92 (Fed. Cl. 2014) (internal citations omitted).

## IV.    ARGUMENT

### A.    Pre-Institution Stays are Disfavored in This Court

Contrary to Netflix's argument, it is anything but "routine" for the Court to stay litigations pending PTAB decisions to institute IPRs.  Motion at 4.  As former Chief Judge Stark observed: "as time has passed since the new IPR process was instituted, the Court has become less and less sure about the merit of granting a stay in favor of an IPR proceeding, when the PTAB has not even weighed in on whether to institute review." *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. 15-cv-516-LPS-CJB, 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016). This Court has also denied motions to stay when no IPR has been instituted, as "prospects of meaningful simplification are not great." *Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, No. 15-cv-00915-RGA, D.I. 105 (D. Del. Dec. 1, 2016).

### 1.    Whether Robocast is a Practicing Entity is Immaterial.

Netflix's contentions that it is "typical" to stay cases pre-institution when the Plaintiff is a non-practicing entity (Motion at 2) is wrong for two reasons.   First, Robocast has practiced the patents in the past and is actively working towards developing new products that will do so again. Moreover, Netflix does not cite a single case from this Court since 2015 in support of its argument. To the contrary, it is typical to *deny* such motions, irrespective of the status of the plaintiff.  Indeed, the general policy that courts within this district have consistently followed since at least the mid-2014 time frame is to *deny* any such request without prejudice to a movant's ability to later renew its motion after the PTAB has ultimately issued an institution decision. *See, e.g., Invensas Corp. v. Samsung Elecs. Co.*, No. 17-cv-1363-MN-SRF, 2018 WL 4762957 (D. Del. Oct. 2, 2018); *Universal Secure Registry, LLC v. Apple Inc.,* No. 17-cv-585-CFC-SRF, 2018 WL 4502062 (D. Del. Sept. 19, 2018) (same); *Advanced Micro.*, 2016 WL 558615 (same); *Toshiba,* 2015 WL 7824098  (same); *Copy Prot. LLC v. Netflix, Inc.,* No. 14-cv-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) (same); *Pragmatus Mobile, LLC v. Amazon.com, Inc.,* No. 14-cv-436-LPS, 2015 WL 3799433 (D. Del. June 17, 2015) (same); *McRo, Inc. v. Bethesda Softworks LLC*, No. 12-cv-1509-LPS-CJB, 2014 WL 1711028 (D. Del. May 1, 2014) (same); *TruePosition, Inc. v. Polaris Wireless, Inc.,* No. 12-cv-646-RGA-MPT, 2013 WL 5701529, at*17 (D. Del. Oct. 21, 2013) ("Since the inter partes review request is still pending before the PTO…this motion [for a stay] is premature.")

*** 

Netflix's cited cases are distinguishable. In *Miics & Partners Am. Inc. v. Toshiba Corp.*, the court granted a stay of only limited duration, and held that it would review defendants' request once institution decisions were known. No. 14-cv-803-RGA, 2015 WL 9854845, at n.3 (D. Del. Aug. 11, 2015). Here, Netflix has requested a stay of significant duration regardless of whether

the PTAB institutes all petitions. The court in *SunPower Corp. v. PanelClaw, Inc.* found that the fact that estoppel would attach to defendants increased the likelihood of simplification of the issues and weighted in favor of a stay. No. 12-cv-1633-GMS, 2014 WL 12774919, at *2 (D. Del. May 16, 2014). Here, Netflix has declined to be bound by petitioner estoppel with respect to the United IPR, so the likelihood of simplification does not weigh in favor of a stay. In *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, two of the four pending IPRs had been instituted, which is not true here. No. 12-cv-1107 (GMS), 2014 WL 1369721, at *1 (D. Del. Apr. 7, 2014). Furthermore, each defendant agreed to be bound to some estoppel with respect to IPRs they did not file, increasing the likelihood of simplification. *Id.* at 6. In *Neste Oil OYJ v. Dynamic Fuels, LLC*, defendant filed its petition for IPR less than three months after receiving notice of the lawsuit, in contrast to the seven and eight months it took Netflix to file its petitions here. No. 12-cv-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). Finally, in *Scramoge Tech., Ltd. v. Volkswagen Grp. of Am., Inc.*, a decision from the Eastern District of Michigan, the court granted a conditional stay pending an institution decision on promptly filed petitions. Again here, Netflix has requested a stay of significant duration regardless of institution results, and waited months to file its petitions. No. 22-cv-10730, 2022 WL 17616451, at *2 (E.D. Mich. Dec. 12, 2022).

## A.    A Stay is Not Warranted Because It is Based on Pure Speculation

None of Netflix's arguments demonstrate that the exceptional relief of a pre-institution stay is appropriate in this case. A stay will not significantly simplify the issues for trial, and will unduly prejudice Robocast due to the resulting substantial delay. And although the case is in its early stages, a scheduling conference is set for January 23, and the upcoming initial discovery, *e.g.*, pursuant to paragraph 4 of the Delaware Default Standard, will be useful even if some claims of the Asserted Patents do not survive IPR.

### 1. Factor One: A Stay Will Not Simplify Issues for Trial Where No IPRs Have Instituted

Netflix's contention that a stay at this time will simplify the triable issues before the Court is highly speculative because the PTAB has not instituted IPRs with respect to *any* of the three Asserted Patents. "Courts within this district have generally held that this factor weighs against a stay when the PTAB has not yet decided whether to institute IPR proceedings." *Invensas*, 2018 WL 4762957, at *3. It would be highly inefficient to now stay the case, only to have institution denied. *See, e.g.*, *Advanced Micro.*, 2016 WL 558615, at *7 ("A court's interest in efficiently managing its docket – and in making one good decision at one point when the key data is at hand – can be undermined by that kind of 'start and stop' process."); *Universal Sec. Reg.*, 2018 WL 4502062, at *8 ("As a practical matter, putting the case on hold [by staying] until the decision to institute is made is likely less efficient than continuing on track through discovery.").

Netflix nonetheless asks the Court to immediately stay the proceedings until *all* pending IPR petitions are *fully* decided (presumably meaning all appeals are exhausted) on the ground that the IPR process—if *all* IPRs are instituted—*could* eliminate the need for litigation. At this stage, however, the PTAB *could* deny institution on one or all pending petitions. And even if it does institute an IPR on those petitions, it *could* ultimately issue final written decisions affirming the validity of some or all challenged claims. Given the range of possibilities, Netflix's simplification argument "rests on speculation that such institution will occur." *Universal*, 2018 WL 4486379, at *2; *see also Advanced Microscopy*, 2016 WL 558615, at *2 ("If no review is instituted, the asserted basis for a stay will fall away."); *Copy Prot.*, 2015 WL 3799363, at *1.

Netflix's speculation about future possibilities and actions that the PTAB may take regarding the Asserted Patents does not demonstrate a simplification of issues or justify a stay at this time. Indeed, Netflix has not offered any non-speculative reasons that this case will be

significantly simplified if a stay is granted now. Rather, Netflix claims, without any basis, that the record developed during the IPRs "may inform issues in this litigation for claim construction, infringement, and invalidity purposes." Motion at 5.

*First*, Netflix's argument regarding claim construction lacks any basis or specificity and is conclusory at best. Neither Netflix nor Unified Patents has argued that any claim constructions are necessary in their respective IPRs. *See* D.I. 28, Ex. A at 10-11 ("At least because a POSITA would have understood the claims to encompass the prior art, express constructions are not necessary"); *id.*, Ex. B at 18-19 (proposing no terms for construction by the PTAB); *id.*, Ex. C at 18-19 (same). Unified further stated that it "does not dispute" any of the Court's constructions from the Microsoft and Apple cases. *Id.*, Ex. A at 11-14. Netflix stated that it "does not necessarily agree that the prior district court constructions are correct," but identified no specific disagreements, and instead contended that such constructions were "satisfied" by its cited art. *Id.*, Ex. B at 18; Ex. C at 18. Thus, it is unlikely the IPRs will impact the district court claim construction process at all.

*Second*, the PTAB will not make any determinations regarding infringement, which must still be decided in the district court for all claims that survive IPR.

*Third*, Netflix's claim that invalidity issues may be informed by the IPRs is undermined by its unwillingness to be bound by estoppel as to the '932 patent IPR, which may result in the parties having to re-litigate the very grounds asserted by Unified at the PTAB after a stay.

Furthermore, as noted above, the IPRs do not challenge all claims of the Asserted Patents, or even all claims at issue in this case, as Netflix acknowledges. Mot. at 6 ("Robocast has yet to identify all asserted claims from each of the Asserted Patents."). As explained during the parties' meet and confer, Robocast's complaint places all method claims of the Asserted Patents potentially at issue. But the IPRs challenge only 45 of the 151 method claims of the Asserted Patents.

In sum, any simplification that may result from pre-institution stays is "too speculative," and this factor thus weighs in favor of denial. *RideShare Displays, Inc. v. Lyft, Inc.*, No. 20-cv-1629-RGA-JLH, 2021 WL 7286931, at *1 (D. Del. Dec. 17, 2021).

>**2.**     **Factor Two: The Stage of this Case Does Not Favor a Stay When Institution Decisions Will Soon Be Issued**

The stage of the case does not favor a stay.  The scheduling conference is set for January 23, 2023, and a scheduling order is likely to be entered shortly thereafter.  Netflix speculates about "copious document discovery" that will "follow the onset of discovery."  Motion at 7-8.  However, under Robocast's proposed schedule, attached as Exhibit A, the parties will have engaged only in initial discovery, including the disclosures required by the Delaware Default Standard for Discovery, by the time all institution decisions are expected. Most if not all of this initial discovery will be required regardless of the outcome of the IPRs given the number of claims not challenged by the IPRs. This factor thus weighs in favor of denial.

>**3.**     **Factor Three: Robocast Will Be Unduly Prejudiced By a Stay Absent Meaningful Estoppel and In Light of Netflix's Delay**

A stay will substantially prejudice Robocast, potentially resulting in years of delay in enforcing its patent rights. This factor thus weighs against a stay. Netflix incorrectly argues that it "is not using the IPR process to obtain an unfair tactical advantage in this litigation." Mot. at 8. This is wrong for two reasons.

*First*, Netflix did not even file for IPR on the '932 patent, has not indicated that it plans to join that IPR, and has not agreed to be bound by petitioner estoppel, should the PTAB institute. Netflix is therefore attempting to free ride on Unified's IPR, with no downside risk should the IPRs not succeed.

Netflix's refusal to be bound by the outcome of the Unified IPR is particularly problematic because Netflix relies on the same primary reference (Henley) for three of the six obviousness

grounds in its petition challenging the '451 patent.  Compare Motion, Ex. A at 3 (Unified petition relying on Henley as a 102/103 reference for, *inter alia*, claims 1-2 of the '932 patent) with Motion, Ex. B at 11-12 (Netflix petition relying on Henley as a 102/103 reference for, *inter alia*, claims 1-2 of the '451 patent).  And not surprisingly, there is substantial overlap in the two petitions with respect to their Henley-based arguments.  If Netflix is not bound by the Unified petition, Robocast faces a potential scenario where even if it prevails in the two IPRs, Netflix could still re-raise Henley at trial at least in connection with the '932 patent.  And even though Netflix would be statutorily estopped from challenging the validity of the '451 patent claims challenged in its IPR on prior art grounds, such estoppel may be significantly undermined if Netflix is nevertheless permitted to rely on Henley to challenge the claims of the '932 patent.  In other words, there may be no meaningful simplification of the issues.  This complication provides further reason to await institution decisions on all IPRs so that the Court and the parties have a full picture of the potential for simplification of triable issues.

*Second*, Netflix waited seven months after this case was filed to file its first petitions, and another month for its second. Had Netflix filed sooner, institution decisions may be known or, at the very least, imminent, for all three IPRs. Netflix should not now be rewarded with an immediate, pre-institution stay under the guise of preserving the status quo to conserve party resources.

Finally, Netflix argues that Robocast will not suffer prejudice because it does not practice the Asserted Patents, does not compete with Netflix, has not sought an injunction, and can be compensated with monetary damages. But these facts do not mean that Robocast will not be unduly prejudiced.  Indeed, this Court has found that "delay inherently harms a non-moving party by prolonging resolution of the dispute, even when the party is not currently a direct competitor." *Rideshare*, 2021 WL 7286931, at *2.

In seeking to stay this case based on purely speculative arguments, Netflix is attempting to tie up Robocast in litigation for years. If the Court now stays the case before IPRs on any of the Asserted Patents are even instituted, there is a high likelihood that it will be years before Robocast is able to litigate the claims that survive or are not subject to an instituted IPR.  In contrast, Netflix has not identified any hardship it will suffer if its motion is denied without prejudice.

Because any stay at this stage would unduly prejudice Robocast, this factor favors denial.

## V.     CONCLUSION

For the foregoing reasons, Robocast respectfully requests that Netflix's Motion be denied.

Dated: January 18, 2023

*Of Counsel*

Cantor Colburn LLP
Marc N. Henschke (*pro hac vice*)
Steven M. Coyle (*pro hac vice*)
Andrew C. Ryan (*pro hac vice*)
Nicholas A. Geiger (*pro hac vice*)
Katherine M. Tassmer (*pro hac vice*)
Sara T. Colburn (*pro hac vice*)
20 Church Street
22nd Floor
Hartford, CT 06103
Tel.: (860) 286-2929
Fax: (860) 286-0115
mhenschke@cantorcolburn.com
scoyle@cantorcolburn.com
aryan@cantorcolburn.com
ngeiger@cantorcolburn.com
ktassmer@cantorcolburn.com
scolburn@cantorcolburn.com

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
Tel.: (302) 655-5000
Fax: (302) 658-6395
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff*
*Robocast, Inc.*

MCKOOL SMITH, P.C.

Steven Rizzi (*pro hac vice*)
Casey L. Shoemaker (*pro hac vice*)
Ramy E. Hanna (DE Bar Id #: 5494)
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001-8603
Tel.: (212) 402-9400
srizzi@McKoolSmith.com
rhanna@McKoolSmith.com
cshomaker@mckoolsmith.com