## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBOCAST, INC., )
)
       Plaintiff and Counterclaim Defendant, )
)
       v. )     C.A. No. 22-305-JLH-CJB
)
NETFLIX, INC., )
)
       Defendant and Counterclaim Plaintiff. )
)
)

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Defendant Netflix, Inc.'s Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 (D.I. 350). The Court presided over a lengthy oral argument on February 21, 2025. For the reasons stated below, the motion will be GRANTED.

1.      Netflix contends that all of the asserted claims are invalid under 35 U.S.C. § 101. The asserted claims are claims 1, 25, 38, and 41 of U.S. Patent No. 7,155,451 (the "'451 patent"), claim 1 of U.S. Patent No. 8,606,819 (the "'819 patent"), and claims 1, 13, 25, 27, and 31 of U.S. Patent No. 8,965,932 (the "'932 patent"). The three patents have a common specification. All three patents are expired; the latest expired in 2020. Neither of the parties' briefs suggested that there were any remaining claim construction disputes that need to be resolved before the Court

assesses the validity of the claims under § 101.[1]  In the interest of brevity, my opinion assumes

familiarity with the intrinsic records of the asserted patents, as well as the parties' briefs on the §

101 issue (D.I. 360, 381, 403) and the documents cited therein.

2.      The parties agree that the applicable legal standard is the two-step test set forth in

*Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014).  At step one, the court must "determine

whether the claims at issue are directed to a patent-ineligible concept," such as an abstract idea.

*Alice*, 573 U.S. at 218.  I agree with Netflix that each and every one of the asserted claims is

directed to "the abstract idea of collecting, organizing, and automatically displaying content (*e.g.*,

a playlist of Internet content)."  (D.I. 360 at 15.)  The asserted claims contain a lot of words, and

some of those words sound complicated.[2]  But what the claims cover is not complicated.  For

example, in plain English, claim 1 of the '451 patent covers creating a playlist of content to be

displayed from different sources (*e.g.*, Internet pages) and automatically playing that playlist for a

---

[1] At oral argument, Robocast's counsel suggested (for the first time) that there was an extant dispute over the construction of "node" that needed to be decided before the Court could assess validity under § 101.  If that were the case, it should have been raised in Robocast's briefing. It wasn't, and it is therefore forfeited.  *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360–61 (Fed. Cir. 2023).

Even if it weren't, the Court rejects it.  At the hearing, counsel for Robocast made the curious (and frankly, puzzling) suggestion that the Court should adopt *Netflix's* proposed construction of "node" for purposes of assessing validity under § 101 because it provides "further specificity and structure to the claim."  The Court finds that, regardless of which side's proposed construction of node is appropriate, it doesn't change the Court's conclusion below that all of the asserted claims are directed to an abstract idea, and none of the claims contain an inventive concept.

[2] For example, claim 1 of the '451 patent refers to "nodes" and a "show structure of nodes." But as Robocast's counsel acknowledged at the Markman hearing, those terms are just "constructs" used to describe certain functions disclosed in the patent.  (D.I. 402, 9/5/2024 Markman Hearing Tr. at 9 (Robocast's counsel explaining that the show structure of nodes is "the construct the invention uses to control the presentation of resources in an organized fashion"); 13–26 (Robocast's counsel explaining that "the show structure is a concept of the node")).)

user, while giving the user the opportunity to adjust how long each piece of content (*e.g.*, Internet page) is displayed for.

3.      The Court has carefully reviewed the other asserted claims, and it concludes that they all are likewise directed to organizing and displaying playlists of content.  None of the asserted claims contain any specificity as to how to accomplish the tasks of generating a playlist of content, accessing content (except to say generally that it is done "automatically" and "without requiring user input"), organizing and displaying content (except to say that it is put into an "organized arrangement"), or permitting the user to adjust the duration of the display of content.  Federal Circuit case law is clear that "these types of methods of organizing digital media . . . are abstract ideas."  *Bluebonnet Internet Media Servs., LLC v. Pandora Media, LLC*, No. 2022-2215, 2024 WL 1338940, at *2 (Fed. Cir. Mar. 29, 2024); *see also Chewy, Inc. v. Int'l Bus. Machines Corp.*, 94 F.4th 1354, 1366 (Fed. Cir. 2024) (concluding that claims were directed to an abstract idea where they "merely recite the concept of identifying advertisements based on search results, without any specificity as to how this is accomplished"); *Broadband iTV, Inc. v. Amazon.com, Inc.*, 113 F.4th 1359, 1368 (Fed. Cir. 2024) (holding that claims directed to "receiving metadata and organizing the display of video content based on that metadata" were directed to abstract ideas); *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (explaining that "classifying and storing digital images in an organized manner" is an abstract idea); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016) (instructing lower courts to "compare [the] claims at issue to those claims already found to be directed to an abstract idea in previous cases").

4.      I reject Robocast's assertion that the claims are directed to a "[t]echnological solution[]" to a "technological problem."  (D.I. 381 at 4.)  According to Robocast, the problem in prior art methods of surfing the Internet was that the user had to undergo a significant amount of

"user effort and decision-making"—*i.e.*, the user had to think about each web page he wanted to access and then click on each such page in order to access it. (D.I. 381 at 4 (arguing that prior art methods of web surfing required "substantial decisional input from the user – *i.e.*, laboriously clicking through a series of links or web pages in order to individually navigate to each resource to obtain its content").) According to Robocast, the invention covered by the asserted claims solved that problem by automatically generating and displaying a playlist of webpages. I am not persuaded by that argument. The prior art "problem" Robocast identifies (thinking about what to look at and then taking steps to access it) is not a technical problem, nor is it unique to the Internet. But even if it were, the "solution" covered by the asserted claims is not a technical solution. It is the abstract idea of automating the task of "collecting, organizing, and automatically displaying content (*e.g.*, a playlist of Internet content)." Calling something a technical solution does not make it so. And just because a claim covers software does not make it a technical solution. *See Broadband iTV*, 113 F.4th at 1368–69 (explaining that reordering content within a user interface "is not a sufficient technological solution to a technological problem, but rather a results-oriented abstract idea"; distinguishing *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018) and *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018)). As explained above, recent Federal Circuit cases have confirmed that software methods of organizing digital media for presentation to a user are abstract ideas. *See, e.g.*, *id.*; *Bluebonnet*, 2024 WL 1338940, at *2.

5. At *Alice* step two, the court "consider[s] the elements of each claim both individually and as an ordered combination" to determine if there is an "inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 573 U.S.

at 217–18 (internal quotations and citations omitted). It is well-established that "claims to 'an abstract idea implemented on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way' do not suffice at step two." *Int'l Bus. Machines v. Zillow Grp.*, 50 F.4th at 1379 (quoting *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1352 (Fed. Cir. 2016)). I agree with Netflix that each of the asserted claims lacks an inventive concept. The claims describe the basic concepts of generating a playlist of content, accessing content, organizing and displaying content, and permitting the user to adjust the duration of the display of content. The claims do not specify how any of those tasks are accomplished. Nor do they, for instance, provide a new algorithm or method for doing any of those tasks. Rather they just state, in functional language, that the tasks should be performed. *Bluebonnet*, 2024 WL 1338940, at *2; *Broadband iTV*, 113 F.4th at 1370 ("Automation of an abstract idea does not constitute an inventive concept."). "Nor do the claims 'require[ ] anything other than conventional computer and network components operating according to their ordinary functions.'" *Bluebonnet*, 2024 WL 1338940, at *2 (quoting *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017)). Indeed, the specification makes clear that the asserted claims can be performed using conventional computer technology. (*See, e.g.*, '451 patent, 1:66–2:2, 2:23–26, 3:62–66, 6:16–59 (citing Figs. 1, 2), 9:16–20.)

6.     Robocast nevertheless contends that summary judgment is inappropriate because there are genuine disputes of material fact about whether the claim elements or combinations of elements are "well-understood, routine, [and] conventional." (D.I. 381 at 2 (citing *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018)).) Robocast asserts that because it submitted expert testimony on that issue and Netflix did not, it would be inappropriate to grant summary judgment

to Netflix on this record.  I disagree.  "[T]he Federal Circuit has made clear that the introduction of expert testimony by the non-movant does not necessarily require the denial of a summary judgment motion." *F45 Training Pty Ltd. v. Body Fit Training USA Inc.,* No. 20-1194-WCB, 2022 WL 17177621, at *13 (D. Del. Nov. 17, 2022) (Bryson, J., by designation) (collecting cases).  For instance, in *CareDX, Inc. v. Natera, Inc.*, 40 F.4th 1371 (Fed. Cir. 2022), the Federal Circuit affirmed the district court's grant of summary judgment of invalidity under § 101 notwithstanding that only the non-movant submitted expert testimony because the non-movant's "expert testimony and other intrinsic evidence was contrary to, and therefore could not overcome, the admissions in the specification." *Id.* at 1377.  Furthermore, an expert's "conclusory" assertion that there is an inventive concept is insufficient where the intrinsic evidence demonstrates otherwise.  *Move, Inc. v. Real Estate Alliance Ltd.*, 721 F. App'x 950, 957 (Fed. Cir. 2018).

7.      In this case, much of the cited testimony of Robocast's expert, Dr. Almeroth (*see* D.I. 381 at 5–7 (citing D.I. 361, Ex. 5)), is conclusory and/or contradicted by the specification, which states that the claimed methods are information-processing steps that can be performed using routine computer and network technology—just like other claims the Federal Circuit has held ineligible as a matter of law.  Even more importantly, the purported "specific" improvements to computer technology proffered by Dr. Almeroth are themselves abstract ideas.  For instance, Dr. Almeroth contends that the limitation requiring that the show structure of nodes is created based on an online search provides an inventive concept (D.I. 361, Ex. 5 ¶ 1164), but providing content based on search results is an abstract idea.  *See Intell. Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1369–70 (holding that claims directed to "present[ing] [] web pages tailored to an individual user" based on "dynamic web site navigation data" are directed to an abstract idea).  Similarly, Dr. Almeroth asserts that the multidimensional show structure of nodes limitation

provides an inventive concept because it allows two sequences to be displayed concurrently (D.I. 361, Ex. 5 ¶ 1166), but the concept of playing two resources concurrently is an abstract idea.[3]  *See Hawk Technology Systems, LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1353, 1356–58 (Fed. Cir. 2023) (holding that claims involving "multiple simultaneously displayed and stored video images" are directed to an abstract idea).  Having carefully reviewed the cited portions of his report in view of the intrinsic record (*e.g.*, '451 patent, 1:66–2:2, 2:23–26, 6:16–59 (citing Figs. 1, 2), 9:16–20), I conclude that Dr. Almeroth's opinions are insufficient to create a genuine dispute of material fact about whether the elements of each of the asserted claims—whether viewed individually or as an ordered combination—supply an inventive concept.

8.      In sum, "[t]aken individually or in combination, the recited limitations neither improve the functions of the computer itself, nor provide specific programming, tailored software, or meaningful guidance for implementing the abstract concept."  *Int'l Bus. Machines*, 50 F.4th at 1380 (quoting *Intell. Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1342 (Fed. Cir. 2017)).  Since "[n]one of the claims recite an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application of the abstract idea," *id.*, the Court will grant Netflix's request for summary judgment that the asserted claims are unpatentable under 35 U.S.C. § 101.

---

[3] For the same reason, the Court rejects Robocast's suggestion at oral argument that the requirement in claim 1 of the '932 patent for simultaneous display of multiple resources makes this claim directed to something other than the abstract idea of collecting, organizing, and automatically displaying content, or that it supplies an inventive concept.

9.    As discussed at the conclusion of the February 21, 2025 hearing, the parties shall

meet and confer and propose a joint stipulation resolving the remaining pending motions, as well

as a joint proposed form of final judgment.


Dated: February 21, 2025

_____
**Jennifer L. Hall**
**U.S. District Judge**